IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWAYNE MANNING, # 16013-056,  *
    Plaintiff
                                                     *
v.                                          CIVIL ACTION NO. AW-04-2730
                                                     *
OF. SHANE BOOTH, et al.,
    Defendants  *
******

**<u>MEMORANDUM</u>**

On August 19, 2004, Plaintiff Dwayne Manning, an inmate confined at FCI-Cumberland, filed this complaint alleging violation of his constitutional rights and also asserting a claim under the Federal Tort Claim Act ("FTCA"). Paper No. 1. Defendants have filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, which has been construed as a Motion for Summary Judgment. Paper No. 12. Plaintiff has filed an opposition. Paper No. 16. The case may be decided on the pleadings. Oral hearing is not necessary. *See* Local Rule 105.6. (D. Md. 2004).

**I. Allegations**

Plaintiff states that on December 14, 2003, Defendant Booth searched his cell. He alleges that Booth read Plaintiff's legal materials and confiscated Plaintiff's "civil suit." Plaintiff states that he made several efforts to have his legal materials returned to him, including: requesting his materials from Booth; filing "cop outs" with Defendants Wagner, Williams, Bogdan and Dewalt; and filing requests through the Bureau of Prison's Administrative Remedy Program ("ARP"). He states that his legal materials were never returned to him. Plaintiff states that the confiscation of his legal materials violated his constitutional rights, and he also asserts a claim under the FTCA. Paper Nos. 1 and 16.

Defendant Booth disputes that he ever confiscated Plaintiff's legal materials. Rather, he avers that

he executed a routine, random search of Plaintiff's cell, during which he confiscated four items of contraband, to wit, pornographic magazines that had been concealed in an envelope bearing the return address of the Clerk of the Court. While conducting the search, Defendant Booth states that he scanned Plaintiff's legal materials only to ascertain that they were in fact legal materials, and not contraband items such as escape plans, threats, pornography, and the like. Paper No. 12, Ex. 2.

## II. Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where "there is no genuine issue as to any material fact and...the moving party is entitled to summary judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For purposes of summary judgment, a dispute about a fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if, when applied to the substantive law, it affects the outcome of litigation. *Anderson*, 477 U.S. at 248. A party seeking summary judgment bears the initial responsibility of informing the Court of the basis of its motion and identifying the portions of the opposing party's case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering the motion, the Court assumes that all of the non-moving party's evidence is worthy of belief and justifiable inferences are drawn in favor of the non-moving party. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the movant demonstrates there is no genuine issue of material fact and that he is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence in the form of depositions, affidavits or other documentation which demonstrates that a triable issue of fact exists for trial. *Celotex*, 477 U.S. at 324.

A.   **Constitutional Claims**

   1.   **Due Process**

The parties dispute whether any legal materials were confiscated from Plaintiff's cell. Even assuming Plaintiff's allegations are true, his constitutional rights have not been violated. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 531-537 (1984) (holding that an inmate who suffered an intentional deprivation of property but had access to an adequate post-deprivation remedy did not state a due process violation). The FTCA and ARP process each provide such a remedy. *See Shabazz v. Odum,* 591 F. Supp. 1513, 1517 (M.D. Pa. 1984). Adequate post-deprivation remedies were not only available to Plaintiff, but he availed himself of both procedures. Paper No. 12, Ex. 1, Attachment C. Accordingly, Plaintiff has not been denied due process.

   2.   **Eighth Amendment**

Plaintiff also alleges, in general terms, that the reading and subsequent confiscation of his legal materials violated his rights under the Eighth Amendment. Paper No. 1. Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). Conditions, however, which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*. Plaintiff's claim concerning his legal papers are conclusory at best, and he has failed to demonstrate actual injury from the alleged reading and taking of the legal documents. Accordingly, this claim is without merit.

   3.   **Access to Courts/Confiscation of Legal Papers**

3

Plaintiff's claim regarding confiscation of his legal material bears upon his constitutional right of access to the courts. *Bounds v. Smith*, 430 U. S. 817, 821 (1977). A deprivation of an inmate's right of access to the courts is actionable, but only where the inmate is able to demonstrate actual injury from such deprivation. *Lewis v. Casey*, 518 U.S.343, 349 (1996). The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id.* at 354. Rather, the *Lewis* Court concluded that *Bounds v. Smith*, *supra*, stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id* ; *see also O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (inmate must demonstrate that inability to gain access to legal materials resulted in "actual injury" to his "capacity of bringing contemplated challenges to sentences or conditions of confinement before the courts").

Plaintiff has claimed no actual injury or specific harm which he has suffered as a result of the alleged confiscation of his legal materials. In fact, Plaintiff has failed to specify in his Complaint precisely what materials were confiscated. On the cop-outs submitted to Warden Dewalt and Assistant Warden Bogdon on December 15, 2003, Plaintiff states that Officer Booth took a "civil suit that is due real soon." Paper No. 16, Ex. 1. On his ARP filed March 21, 2004, he states that Officer Booth took Plaintiff's response in civil action AW-03-2057. *Id.*, Ex. 2.[1] Accordingly, Plaintiff does not offer any evidence that he was injured by the confiscation of his legal papers.

**4.    Reading of Legal Materials and Retaliation Claims**

---

[1]The referenced civil action number is a civil rights complaint filed by Plaintiff in this Court. A review of the docket reveals that Plaintiff requested and received several extensions of time to file a response to Defendants' Motion for Summary Judgment. Ultimately, Plaintiff filed a timely opposition to the summary judgment motion that was considered by this Court.

Plaintiff alleges that Officer Booth read through Plaintiff's legal materials stored in his cell. He further alleges that all of the actions of Booth were motivated by Booth seeking to harass and/or retaliate against Plaintiff for Plaintiff having filed other civil rights cases against employees of FCI-Cumberland. As stated, *supra,* the moving party in a motion for summary judgment bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *Celotex*, 477 U.S. at 322-323. Therefore, in the instant case, it is Plaintiff's responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. This he has done, bolstering the allegations in his Complaint concerning the reading of his legal materials by submitting affidavits of other inmates who witnessed the cell search and observed Booth reading Plaintiff's legal materials. *See* Paper No. 16. Defendant Booth has wholly failed to respond to these claims in his Motion for Summary Judgment. Because the issues regarding the reading of Plaintiff's legal materials and the allegation of retaliation against Plaintiff for his having filed civil rights actions cannot be answered based upon the parties' current submissions to the court, summary judgment cannot be granted at this time as to these issues.

**5.      Supervisory Liability**

Plaintiff has alleged no personal involvement by Defendants Wagner, Williams, Bogdan, and Dewalt in the taking of his legal papers, but rather contends that these Defendants are liable because they exercised supervisor authority over Officer Booth and/or because they failed to respond to cop-outs and ARPs submitted by Plaintiff regarding the confiscation of his property. In order for supervisory liability to exist in a civil rights action it must be established:

> (1) that the supervisor had actual or constructive knowledge that his

5

> subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted); *see also Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984).  Deliberate indifference is more than negligence.  As one court explained:

> Generally, a failure to supervise gives rise to a §1983 liability, however, only in those situations in which there is a history of widespread abuse.  Only then may knowledge be imputed to the supervisory personnel.  A single act or isolated incident are normally insufficient to establish supervisory inaction upon which to predicate §1983 liability.

*Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (citations and footnote omitted).[2]

Plaintiff has not pointed to specific action or inaction on the part of Defendant Dewalt that in any way contributed to his injuries.  Rather, Plaintiff seems to allege that Warden Dewalt is liable solely due to his supervisory position and his duty to review administrative remedy appeals.  This is insufficient.  On March 10, 2004, Warden Dewalt signed the Response to Request for Administrative Remedy which denied relief to Plaintiff. Paper No. 12, Ex. 1, Attachment D.  The investigation engendered by Plaintiff's filing the Administrative Remedy showed no inappropriate conduct by Officer Booth.  Defendant Dewalt's signing of the review of that remedy request is insufficient to state a claim against him.

Likewise, Plaintiff has failed to allege, must less demonstrate, facts which demonstrate that Defendants Williams, Wagner, and Bogdan were personally involved in the confiscation or reading of Plaintiff's legal materials.  Plaintiff states that he sent numerous cop-outs to these Defendants.  Paper Nos.

---

[2] Although the case law cited references civil rights claims brought under 42 U.S.C. 1983, the doctrine of *respondeat superior* is equally in applicable in *Bivens* actions.  *Trulock v. Freeh,* 275 F.3d 391, 402 (4th Cir. 2001).

1 and 16, Ex. 1. Defendants dispute having received the cop-outs. Taking Plaintiff's allegations as true, his claim against Defendants Williams, Wagner, and Bogdan fail because there is no constitutional right to a prison grievance procedure, nor to access to it if one has been established. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Additionally, the Court observes that Plaintiff has not been injured by any failure on the part of these Defendants to respond to the cop-outs, an informal mechanism for responding disputes, as a formal investigation was instituted as a result of Plaintiff's filing an ARP. Paper No. 12, Ex. 1, Attachment D. In sum, there is no basis for liability on the part of these Defendants, and they shall be dismissed from this case.

**B.     FTCA**

Defendants argue that this Court lacks jurisdiction over this tort matter due to the "detention exception" to the FTCA, found under 28 U.S.C. § 2680(c).[3] The FTCA states that its provisions and 28 U.S.C. § 1346(b) shall not apply to:

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer.

*See* 28 U.S.C. § 2680(c).

Here, Plaintiff's FTCA negligence complaint involves his allegations that FCI staff took and destroyed his legal property after conducting a search of his cell. Several federal courts, including this district court, have concluded that the FTCA detention exception applies to such a complaint.

In *Muhammad v. United States*, Civil Action No. DKC-02-180 (D. Md. 2002), Judge Deborah K. Chasanow concluded that § 2680(c)'s exception applied to Bureau of Prisons ("BOP") employees for

---

[3] Exceptions exist to the waiver of sovereign immunity in the FTCA. *See* 28 U.S.C. § 2680(a)-(n).

FTCA claims based on the loss or mishandling of detained property. Likewise, in *Butler v. United States,* Civil Action No. 02-4102 (D. Md. 2002), Judge William M. Nickerson also found that the § 2680(c)'s detention exception applied to BOP employees.

Several other federal courts have also extended § 2680(c)'s exception to BOP employees for FTCA claims based on loss of detained property. *See Hatten v. White*, 275 F.3d 1208 (10th Cir. 2002) (FTCA claim that defendant prison officials detained inmate's personal property and mailed it outside the prison dismissed for lack of jurisdiction pursuant to exception in § 2680(c)); *Halverson v. United States,* 972 F.2d 654, 656 (5th Cir. 1992) (BOP staff were "law enforcement officers" under the § 2680(c) exception); *Crawford v. U.S. Department of Justice*, 123 F. Supp.2d 1012 (S.D. Miss. 2000) (inmate's FTCA claim against BOP officer for loss of property dismissed for lack of subject matter jurisdiction pursuant to exception from waiver of sovereign immunity for claims based on detention of goods by any federal law enforcement officers during course of employment).

In light of the foregoing, this Court finds that Plaintiff's tort complaint must be dismissed for lack of subject matter jurisdiction. As alleged in his Complaint, Plaintiff seeks tort claim damages for the loss of property alleged to have been confiscated and destroyed by a BOP official while Plaintiff's cell was subjected to a search. The undersigned finds that Officer Booth, the BOP official alleged to have searched and taken Plaintiff's property, is properly considered a "law enforcement officer" under § 2680(c); thus, when the official allegedly searched and confiscated Plaintiff's property, the propery was deemed detained under § 2680(c). Accordingly, the exception of § 2680(c) to the waiver of sovereign immunity applies, and there has been no showing that the government has waived its sovereign immunity to this claim. Because this Court lacks jurisdiction, it need not address the government's remaining basis for summary judgment as to the FTCA claim. This claim shall be dismissed.

## III. CONCLUSION

A separate Order follows, dismissing Plaintiff's tort claim for lack of subject matter jurisdiction, granting Defendants' Motion for Summary Judgment, in part, and denying same in part, and entering partial judgment in favor of Defendants and against Plaintiff. Plaintiff shall be given twenty-one days from the date of this Order to move for appointment of counsel.

Date:  <u>May 20, 2005</u>              _____"s"_____
                                        Alexander Williams, Jr.
                                        United States District Judge