IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DWAYNE MANNING, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: CBD 04-2730 |
| OFC. SHANE BOOTH, | * | |
| Defendant. | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Plaintiff Dwayne Manning filed this action for retaliation and the reading of Plaintiff's legal materials against Defendant Officer Shane Booth.[1]  Now before this Court is Defendant's Motion for Summary Judgment ("Defendant's Motion") (Docket Item No. 49).  The Court has reviewed Defendant's Motion, Plaintiff's opposition, and the memoranda related thereto.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons below, the Court hereby GRANTS Defendant's Motion.

**I.    Background**

Plaintiff alleges that Defendant searched his cell at the Federal Correctional Institute of Cumberland ("FCI") on December 14, 2003.  He claims that Defendant searched through his items, including a stack of legal envelopes, and read the contents of those envelopes.  Plaintiff alleges that Defendant laughed to himself as he read what was a civil action suit against FCI,

---

[1] Plaintiff's complaint originally also encapsulated claims pursuant to the Federal Tort Claims Act, violation of Plaintiff's due process rights, violation of his Eighth Amendment rights, and access to courts/confiscation of legal materials.  These claims were all dispensed of by Order of this Court on May 20, 2005.  (Docket Item No. 18.)

which made allegations against Defendant as well.  Plaintiff contends that Defendant left Plaintiff's cell with a stack of magazines as well as the legal documents he had looked through.  The next day, Plaintiff went to complete a confiscation form and his 'legal work' was not included with the magazines that were allegedly taken from his cell.

Defendant denies that he read or took any legal work from Plaintiff's cell.  He asserts that he only took pornographic magazines that prisoners are not permitted to keep, and that he only peeked into the envelopes marked as legal to see whether any contraband was placed inside.  He asserts that such scanning is normal and necessary to search for contraband.

Plaintiff thereafter filed multiple claims and administrative appeals with the Bureau of Prisons dating from December 19, 2003 to May 11, 2004.  He filed the present suit with this Court on August 19, 2004.  Defendant now asks the Court to grant summary judgment against Plaintiff on the two remaining claims of retaliation and reading of Plaintiff's legal documents.

**II.    Legal Standard**

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c);  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).  A court must construe the facts alleged and reasonable inferences in favor of the nonmoving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law.  *Pulliam Inv.*

*Co., Inc. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987).  The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

"Once the moving party discharges its burden . . . , the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002).  Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The disputed facts must be material to an issue necessary for the proper resolution of the case." *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**III.    Argument**

Defendant contends that summary judgment must be entered in his favor on Plaintiff's retaliation claim because Plaintiff has failed to show a genuine dispute of material fact with respect to three of the four elements required to demonstrate retaliation.  First, he contends that Plaintiff has failed to show any adverse action actually carried out against him, as Defendant did not read Plaintiff's legal documents, but merely quickly scanned them.  Likewise, Defendant

contends that Plaintiff has failed to show causation. Specifically, he claims that Plaintiff has not demonstrated that Plaintiff's protected litigation activities constituted the actual motivating factor for Defendant's alleged conduct. Finally, Defendant claims that, "even if Plaintiff were able to show causation, he cannot show that his constitutional right to access the courts was 'chilled' by the alleged retaliation or what, if any, harm he suffered."

Similarly, Defendant contends that Plaintiff has failed to show any actual harm from the alleged reading of the legal documents. Defendant asserts that all of the relevant facts indicate that Plaintiff was not harmed and that no chilling affect impeded his access to the courts. Defendant argues that even Plaintiff's answer to Defendant's interrogatory, when questioned about injury, harm, or financial loss, does not support Plaintiff's claim. Therein, he states that "[y]es, I have suffered actual injury, harm and/or financial loss. I reserve the right to amend my answer." Defendant claims that Plaintiff never amended that answer. Likewise, Defendant contends that Plaintiff suffered no frustration of his right to access to the courts, as he continued to file legal claims after Defendant allegedly took his legal documents.

Plaintiff argues that Defendant has "thus far failed to show the absence of any genuine issue of material facts in this case." He contends that no new facts have been presented by Defendant. Plaintiff also asserts that he has provided the court with corroborating accounts of three different eye-witnesses to the search, supporting Plaintiff's claim that Defendant read Plaintiff's legal papers.

**IV.     Discussion**

   *A.     Retaliation*

To establish a claim for retaliation in a prison context, a prisoner must show that "1) the prisoner engaged in protected conduct; 2) an adverse action was taken against the prisoner that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) a causal connection exists between the first two elements, i.e., the prisoner's protected conduct motivated at least in part the adverse action." *Green v. Sacchet*, 2002 WL 32639150, at * 6 (D. Md. Dec. 10, 1992) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999)).  Plaintiff must also show a fourth element, that he suffered harm from the retaliation.  *See Oliver v. Powell*, 250 F. Supp. 2d 593, 600 (E. D. Va. 2002).

Defendant does not argue that Plaintiff fails with respect to the first element.  Plaintiff contends that he was engaged in a "civil action suit against the institution which made allegations against officer Booth as well as other staff members." (Plf. Compl. ¶ 16.)  This constitutes a protected activity and, because Defendant does not challenge the sufficiency of Plaintiff's assertions on this element, the Court finds that Plaintiff has pled this element sufficiently.

Regarding the second element, Plaintiff does not specify what action he claims to be retaliatory, but it appears that the adverse action taken against Plaintiff was Defendant reading Plaintiff's legal materials and/or taking confiscating them from his cell.  Defendant asserts that he did not "read" the legal materials, but that he scanned them while searching for contraband. Plaintiff's declaration, and the affidavits of the other individuals having to witnessed as much, create a sufficient dispute to warrant submission of this issue to a jury.

The thrust of Defendant's argument applies to the third element. Defendant claims that Plaintiff cannot survive summary judgment because he has not asserted sufficient facts to create a genuine dispute regarding causation. Defendant claims that Plaintiff has failed to provide evidence to suggest that his litigation activities constituted the actual motivating factor for Defendant's conduct. The Court disagrees. Plaintiff's affidavit alone presents sufficient facts to create a genuine dispute as to whether Defendant's actions were prompted by a retaliatory motive. Plaintiff declares that Defendant "was reading and laughing to himself and he read my civil action suit against the institution," (Plf. Decl. ¶ 9, Dec. 19, 2003) and that Defendant told him, "I got stuff that you are not allowed to have. I'm just doing my job. You know since you wanted to be a problem. I can be a problem too." (Plf. Decl. ¶ 13.) Sufficient facts exist to demonstrate a genuine dispute regarding the true motive for Defendant's alleged actions.

The Court, however, agrees with Defendant that Plaintiff has failed to present any evidence to suggest that he has suffered harm as a result of the alleged retaliation. Retaliation is actionable, although not referred to in the Constitution, because such actions "may tend to chill individuals' exercise of constitutional rights." *American Civil Liberties Union of Md., Inc. v. Wicomico Co. Det. Ctr.*, 999 F.2d 780, 785 (4th Cir. 1993) (citing *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)). "Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation. Thus, a showing of adversity is essential to any retaliation claim." *Id.* If Defendant's actions did not "chill, impair, or deny plaintiff's right to exercise his constitutional right," the allegations fail to state a cognizable retaliation claim. *Oliver*, 250 F. Supp. 2d at 600. Moreover, a "de minimis inconvenience in exercise of the right" caused by Defendant's actions is not sufficient to state a claim. *Id.* (citation omitted).

Plaintiff has not provided sufficient evidence to create a genuine dispute regarding any harm he suffered.  Because Defendant has satisfied his burden of showing an absence of evidence to support Plaintiff's case, Plaintiff bears the burden of providing specific facts demonstrating a genuine issue for trial.  *Celotex Corp.*, 477 U.S. at 323-23;  *Kitchen*, 286 F.3d at 182.  Plaintiff *must,* as a part of his burden, provide sufficient evidence favoring his case for a jury to return a verdict in his favor.  *Anderson,* 477 U.S. at 249-50.  Here, Plaintiff has provided his own declaration as the only support for his opposition to Defendant's Motion.  Therein, Plaintiff fails to specify any way in which his rights were impaired or he suffered harm.  Thus, finding that Plaintiff has not satisfied his burden in overcoming Defendant's Motion, the Court GRANTS Defendant's Motion with respect to the retaliation claim.

### B.  Reading of Legal Materials

The Court previously dismissed Plaintiff's claims that Defendant violated his Eighth Amendment rights and constitutional right to access to the court, which both incorporated the allegation of Defendant having read or confiscated legal materials from Plaintiff.  (Docket Item Nos. 18-19.)  The Court granted summary judgment in favor of Defendant with respect to these claims on the basis that Plaintiff had not offered any evidence of injury or harm suffered.

The Court is not aware of a separate cause of action for "reading of legal materials."  Generally, such an allegation would be included within other claims, such as a violation of the constitutional right of access to the courts.  *E.g.*, *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  Nonetheless, courts have approved regulations permitting attorney mail only to be opened in the presence of the prisoner.  The concern with a prison official reading an inmate's correspondence is that it may result in the chilling of communications between prisoner and counsel.  *Crowe v.*

*Leeke*, 550 F.2d 184 (4th Cir. 1977). An officer's violation of this protocol, however, would still tend to be actionable under the impediment of Plaintiff's constitutional right of access to the courts.

Regardless of how this cause of action may be couched, Plaintiff does not overcome Defendant's Motion. Assuming that Plaintiff did establish a cause of action separate from the ones already dismissed, based solely to the Defendant's reading of Plaintiff's legal materials, such a cause of action would still require Plaintiff to demonstrate damages. As discussed above, Plaintiff has not shown any harm suffered. Defendant's Motion must be GRANTED on this issue as well.

### V.     Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion. The Clerk is directed to close this case.

/s/
Charles B. Day
United States Magistrate Judge
July 31, 2007

CBD:acg